HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
MARK P. MEUSER (SBN: 231335)
mmeuser@dhillonlaw.com
GREGORY R. MICHAEL (SBN: 306814)
gmichael@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROXANNE HOGE,** an individual; **ALI MAZAREI**, an individual; **CORRIN RANKIN**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**ALEX PADILLA,** in his official capacity as the California Secretary of State; **STEVE GORDON**, in his official capacity as Director of California Department of Motor Vehicles,<br><br>Defendants. | Case Number:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |



Complaint                                           Case No.

Plaintiffs Roxanne Beckford Hoge, Ali Mazarei, and Corrin Rankin (collectively, "Plaintiffs"), bring this action against Alex Padilla in his official capacity as California Secretary of State, and Steve Gordon in his official capacity as Director of California Department of Motor Vehicles (collectively, "Defendants"), for declaratory and injunctive relief for violations of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §20501, *et seq.*, as set forth below.

## INTRODUCTION

1.      The NVRA was enacted "to ensure that accurate and current voter registration rolls are maintained." 52. U.S.C. § 20501(b)(4). The Supreme Court has ruled that "[c]onfidence in the integrity of our electoral process is essential to the functioning of our participatory democracy. … Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Purcell v. Gonzalez* 549 U.S. 1, 4 (2006).

2.      The California Secretary of State owes a duty to the residents of California to ensure the integrity of California elections by making sure that only United States citizens who are eligible to vote, are placed on the voter rolls and receive balloting materials.

3.      In direct violation of his duties to ensure that only eligible voters are placed on the voter rolls, California Secretary of State Alex Padilla has established a pattern and practice of doing nothing to verify that a potential voter is a United States citizen, thus causing non-citizens to be placed on the voter rolls.

4.      The Secretary of State has forsaken his duty to ensure that non-citizens are never placed on the voter rolls, and has relegated his office to that of a glorified clerk simply transmitting the data from the voter registration application to the counties for data entry purposes.

5.      When the Secretary of State allows non-citizens to be placed on the voting rolls, the state mails balloting material to these ineligible voters. This creates confusion in the minds of non-citizens as to whether they are eligible to vote in federal elections,



Complaint

1   and enables non-citizens who deliberately registered to vote, to vote illegally, in

2   violation of federal laws.

3       6.   In addition to the Secretary of State abdicating his duty to verify eligibility

4   of all voters, the Department of Motor Vehicles does not transmit to the Secretary of

5   State's office the information that enables the Secretary of State to assess the eligibility

6   of the applicant.

7       7.   Accordingly, Plaintiffs seek declaratory and injunctive relief to prevent

8   continued violations of the NVRA, and an award of costs and attorneys' fees from

9   Defendants.

10   **JURISDICTION AND VENUE**

11       8.   This action arises under the National Voter Registration Act of 1993, 52

12   U.S.C. § 20501, *et seq.* This Court has jurisdiction over this matter pursuant to 28

13   U.S.C. § 1331, as this action arises under the laws of the United States, pursuant to 52

14   U.S.C. § 20510(b)(2).

15       9.   Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because

16   one or more of the Defendants reside in this district and all Defendants reside in

17   California, and because a substantial part of the events and omissions giving rise to the

18   claims herein occurred in this district.

19   **PARTIES**

20       10.   Plaintiff Roxanne Beckford Hoge is a California resident and U.S. citizen,

21   and a registered voter of Los Angeles County, California, who has voted in prior

22   elections for Federal office and intends to vote in future elections for Federal office. As

23   an immigrant to the United States who became a citizen in 2000, Hoge is concerned

24   about the lack of performance by the Secretary of State in ensuring the integrity of the

25   voting rolls to ensure that only citizens are registered to vote. She believes that her

26   legitimate vote is being diluted by the illegal votes of non-citizens.

27       11.   Plaintiff Ali Mazarei is a California resident and U.S. citizen, and a

28   registered voter of Riverside County, California, who has voted in prior elections for



Complaint

Federal office and intends to vote in future elections for Federal office. As an immigrant to the United States who became a U.S. citizen on March 17, 1995, Mazarei is concerned about the lack of performance by the Secretary of State in ensuring the integrity of the voting rolls to ensure that only citizens are registered to vote. He believes that his legitimate vote is being diluted by the illegal votes of non-citizens.

12.     Plaintiff Corrin Rankin is a California resident and U.S. citizen, and a registered voter of San Mateo County, California, who has voted in prior elections for Federal office and intends to vote in future elections for Federal office. Rankin is a natural born citizen and is concerned about the lack of performance by the Secretary of State in ensuring that only citizens are registered to vote. She believes that her legitimate vote is being diluted by the illegal votes of non-citizens.

13.     Defendant Alex Padilla ("Padilla") is the California Secretary of State and has served in this capacity since January 5, 2015. The Secretary of State is designated by California law as the "chief state elections official responsible for coordination of the state's responsibilities under" the NVRA. Cal. Elec. Code § 2402(a); *see also* 52 U.S.C. § 20509. Padilla is sued herein in his official capacity as Secretary of State.

14.     Defendant Steve Gordon ("Gordon") is the Director of the California Department of Motor Vehicles and has served in this capacity since July 23, 2019. The California DMV is designated as an office to perform voter registration activities. 52 U.S.C. § 20504. Gordon is sued herein in his official capacity as the Director of the DMV.

**NOTICE OF VIOLATIONS OF NVRA TO PADILLA**

15.     On May 23, 2019, pursuant to 52 U.S.C. §20510(b), Plaintiffs sent a notice of violations of the NVRA by certified mail to Defendant Padilla, as the chief election official of California. 52 U.S.C. §20510(b)(1).

16.     The Padilla Notice Letter revealed how Padilla was violating the NVRA by failing to ensure eligibility of voters prior to putting their names on the voter rolls.

17.     The Padilla Notice Letter made four demands:

4



Complaint

    a.  Start receiving from the DMV documentation regarding an individual's citizenship, so that you may fulfill your NVRA requirements to ensure eligibility prior to placing a registrant on the voter rolls;

    b.  Begin reviewing all voter registrations and compare the voter registration with databases maintained by the state of California to ensure that all registrants are eligible to vote before you place them on the California voter rolls;

    c.  Review all current California registered voters to determine eligibility and send notices to all non-citizens who happen to be on the voter rolls; and

    d.  Update the California NVRA Manual to specifically lay out the responsibilities of the registrar of voters in verifying eligibility with state and county databases to determine eligibility.

18.    On August 21, 2019, Padilla, by and through Steve Reyes, Chief Counsel for the office of Secretary of State, sent a formal response to Plaintiffs regarding their notice of violation of the NVRA.

19.    The Response Letter from Padilla states that the Padilla does not believe that he is violating the NVRA, and therefore declined to make any changes.

**NOTICE OF VIOLATIONS OF NVRA TO DMV**

20.    On June 3, 2019, pursuant to 52 U.S.C. §20510(b), Plaintiffs sent a notice of violations of the NVRA by certified mail to then-Acting Director of the DMV, Kathleen Webb.

21.    The DMV Notice Letter discussed how the DMV was violating the NVRA by failing to transfer to the Secretary of State's office any citizenship information from all applications for a California motor vehicle driver's license, which information is necessary for Padilla to determine eligibility.

22.    The DMV Notice Letter made two demands:

    a.  To the extent that it is not doing so already, California DMV must begin recording in its databases the citizenship information that it receives from

5



Complaint

1    all applicants for a California driver license; and

2        b. California DMV must begin transmitting to the California Secretary of

3            State, any citizenship information from all applications for a California

4            driver license.

5    23.    On August 21, 2019, the DMV, by and through Kari M. Johnson,

6    Attorney for the California DMV, sent a formal response to Plaintiffs regarding their

7    notice of violation of the NVRA.

8    24.    The Response Letter from the DMV states that the DMV does not believe

9    that its office is violating the NVRA, and therefore declined to make any changes.

10                              **RELEVANT FACTS**

11    25.    The purposes of the NVRA are "(1) to establish procedures that will

12    increase the number of eligible citizens who register to vote in elections for Federal

13    office; (2) to make it possible for Federal, State, and local governments to implement

14    [the NVRA] in a manner that enhances the participation of eligible citizens as voters

15    in elections for Federal office; (3) to protect the integrity of the electoral process; and

16    (4) to ensure that accurate and current voter registration rolls are maintained." 52

17    U.S.C. § 20501(b).

18    26.    The NVRA establishes California's duties in administering the voter rolls.

19    27.    The NVRA requires California to (1) "ensure that any eligible applicant is

20    registered to vote," and (2) "to send notice to each applicant of the disposition of the

21    application." 52 U.S.C. § 20507(a).

22    28.    Regardless of whether the Secretary of State's office receives the voter

23    registration from the DMV (52 U.S.C. § 20504), by a printed voter registration form

24    (52 U.S.C. § 20505), or from a Voter Registration Agency (52 U.S.C. § 20506), it is

25    the duty of Padilla to "ensure that any eligible applicant is registered to vote." 52

26    U.S.C. § 20507(a)(1). Thus, if the voter is not eligible, he or she should not be

27    registered to vote.

28    29.    The mere act of a putative voter filling out a voter registration application,

Complaint

does not establish that the individual is automatically registered or eligible to vote.

30.     The NVRA makes clear that Padilla has a duty to send notice to each applicant letting them know the "disposition of the application." 52 U.S.C. § 20507(a)(2).

31.     In order to have a "disposition," this means that Padilla must actually review the application to "ensure" that the applicant is "eligible."

32.     The NVRA defines person who is eligible to vote as a United States citizen. *See, e.g.*, 52 U.S.C. § 20504(c)(2)(C)(i); 52 U.S.C. § 20506(a)(6)(A)(i)(I); 52 U.S.C. § 20508(b)(2)(A).

33.     While the NVRA does not define "ensure," the standard dictionary definition of "ensure" according to Merriam-Webster is "to make sure, certain, or safe: guarantee."[1]

34.     The NVRA requires Padilla to guarantee that only eligible citizens are registered to vote. Put another away, the NVRA requires Padilla to make a determination whether someone is a citizen, and if that person is not a citizen, or is otherwise ineligible to vote, to send to him or her a notification that he or she is not registered to vote.

35.     The Supreme Court in the case of *Arizona v. Inter Tribal Council of Arizona, Inc.*, 570 U.S. 1 (2013) found that while states cannot mandate that voters produce proof of citizenship when they register to vote, "it does not preclude States from denying registration based on information in their possession establishing the applicant's ineligibility." *Id.* at 15.

36.     Padilla is violating the NVRA in that he has no procedure in place for determining citizenship of a putative voter prior to enrolling the voter on the rolls. Padilla's staff does nothing more than to examine the voter application to confirm that the applicant checked the box attesting to being a U.S. citizen. *See* California National Voter Registration Act Manual, March 2019, Chapter 4, p. 4. No further

---

[1] *See* https://www.merriam-webster.com/dictionary/ensure.



Complaint

inquiry is made into an applicant's citizenship status.

37.     According to the California NVRA Manual, all Padilla does to determine citizenship is review the application to make sure the form is filled out correctly and confirm that the voter is not in prison. *See* California NVRA Manual, March 2019, Chapter 4, p. 3 ("the applicant's name, place of residence, mailing address if different than the place of residence, date of birth, country of birth, driver license (or state identification card) number or last four digits of social security number, and that the applicant is not in state or federal prison for a felony conviction.").

38.     Further evidence that Padilla is not ensuring that voter registrants are citizens may be found in the Secretary of State's Response Letter, in which the process that Padilla uses to ensure eligibility was explained:

> Voter registration eligibility checks are performed on all new registrants pursuant to automated processes. Other processes confirm the eligibility of existing registrants, including checks which identify duplicate voter registrations, process voter-initiated changes to a registration record, and compare existing registration records with state administrative records regarding changes of address, felony histories, and deaths.

39.     Nowhere in this Response Letter does Padilla indicate that he is checking state administrative records for citizenship information relevant to the determination of eligibility for placement on the voter rolls.

40.     Since citizenship is at the core of voter eligibility, Padilla is violating the NVRA by omitting a citizenship verification as a part of the eligibility verification process.

41.     The NVRA requires the states to guarantee that the voter is eligible to vote, and to notify the applicant of whether or not they are registered to vote.

42.     The state of California has in its possession administrative records that contain the citizenship status of most California residents.

43.     In order for a California resident to obtain an original driver's license in

8

Complaint

California, the individual is required to submit satisfactory proof "that the applicant's presence in the United States is authorized under federal law." Cal. Veh. Code § 12801.5.

44.     In California, at the time a person first obtains a driver's license, the DMV must review evidence of an individual's citizenship or lawful presence in the United States ("Proof of Identity Documents").

45.     By law, individuals who have failed to submit satisfactory proof of authorized presence in the United States are not eligible to vote. Cal. Veh. Code § 12801.9.

46.     The DMV does not transfer to the Secretary of State the citizenship information obtained from the Proof of Identity Documents, although it is *required* by the NVRA to transfer to the Secretary of State "a completed voter registration portion of an application for a State motor vehicle driver's license accepted at a State motor vehicle authority." NVRA §20504(e). The voter registration application portion of an application for a driver's license includes the information necessary to "enable State election officials to assess the eligibility of the applicant". NVRA §20504(c)(2)(B).

47.     The citizenship information obtained from the Proof of Identity Documents is important to enable Padilla to access the eligibility of an applicant prior to enrolling the individual on the voter rolls.

48.     Individuals who are unable to submit satisfactory proof of authorized presence in the United States are still required to produce identifying documents to obtain a DMV-issued license. Cal. Veh. Code § 12801.9 (also known as AB 60 driver's licenses).

49.     According to an April 4, 2018 Press Release, the CA DMV has issued over 1 million AB 60 driver's licenses – licenses which are only available to individuals



Complaint

1   who are not U.S. citizens and also not legal U.S. residents.[2]

2   50.    The list of 1 million plus individuals who have received an AB 60

3   Driver's License is a state administrative that can be used by Padilla pursuant to

4   Section 8 of the NVRA (52 U.S.C. § 20507) to determine the eligibility of voters

5   prior to placing an applicant on the voter rolls

6   51.    Another state administrative record that indicates the citizenship of millions

7   of Californians that Padilla does not use to fulfill his duties under the NVRA is produced

8   by jury service reports.

9   52.    According to the Institute for Fair Elections, in just one year, 449,404

10  Californians swore under penalty of perjury that they received a jury service summons

11  and they were not citizens.[3]

12  53.    California law provides that the source list used for selecting jurors shall

13  come from the "list of registered voters and the Department of Motor Vehicles' list of

14  licensed drivers and identification cardholders resident within the area served by the

15  court."  The court is to take these "two source lists, when substantially purged of

16  duplicate names, [which are] considered inclusive of a representative cross section of

17  the population." Cal. Civ. Proc. Code § 197.

18  54.    Padilla may fulfill his duty to ensure voter citizenship by comparing the

19  voter registration application to the DMV administrative records, the jury service

20  records, and/or other administrative records that contain citizenship data.

21  55.    Padilla has no policy or procedure in place to verify the applicant's

22  citizenship and thus eligibility to vote.

23  56.    Padilla is not reviewing any administrative records or government

24  databases to ensure that the applicant is eligible to vote.

25  57.    While the DMV is transmitting information to Padilla to prevent

26  _____

27  [2] *See* https://recorder.countyofventura.org/wp-content/uploads/2018/09/180905-DMV-Letter-to-Alex-Padilla.pdf.

28  [3] *See* Statewide Annual Juror Service Reports 2016-2017,
    http://instituteforfairelections.org/statewide-annual-jury-data-report-2016-2017/.



Complaint

duplicate voter registrations, it is not transmitting citizenship information, as required by the NVRA.

58.     In 2015, the state of California passed the California New Motor Voter Program ("Motor Voter law") to specify how the state would fulfill its duties under the NVRA, 52 U.S.C. § 20504.

59.     The Motor Voter law (Cal. Elec. Code § 2260, *et al.*) is intended to work in conjunction with the NVRA towards the common purpose of increasing "the number of eligible citizens who register to vote." Cal. Elec. Code § 2261(b).

60.     In passing the Motor Voter law, it was the intent of the Legislature to provide "California citizens additional opportunities to participate in democracy through exercise of their fundamental right to vote." Cal. Elec. Code § 2261(c).

61.     The Motor Voter law was designed to establish a program to increase voter registrations for "qualified" voters. Cal. Elec. Code § 2262(a). According to California Constitution, Article II, § 2, a qualified voter is a United States Citizen and someone who is over 18 years of age.

62.     The Motor Voter law made clear that the DMV is not required to determine eligibility, as the "Secretary of State is solely responsible for determining eligibility for voter registration." Cal. Elec. Code § 2262(b).

63.     The Motor Voter law provides in § 2263 the list of documents that are to be produced by the DMV to the Secretary of State. This section reveals they include "[a] notation that the applicant has attested that he or she meets all voter eligibility requirements, including United States citizenship, specified in Section 2101." Cal. Elec. Code § 2263(b)(1)(K).

64.     Nowhere in the list of 14 items stating what the DMV is to transfer to the Secretary of State does it list that the DMV is to transfer to the Secretary of State proof of authorized presence in the United States. However, proof of authorized presence in the United States is information necessary to enable Padilla to assess the eligibility of the applicant to vote and thus should be transmitted to Padilla as a part

11

Complaint

of the completed voter registration portion of an application. Cal. Elec. Code §

2263(b)(1).

65.     Thus the Motor Voter law requires the Secretary of State to determine

eligibility, but does not require the DMV to transfer to the Secretary of State the

Proof of Identity Documents it has reviewed showing that the individual has proven

citizenship, proven legal presence in the United States, or failed to provide

satisfactory evidence that the individual legally is in the United States, as necessary

for Padilla to fulfill his statutory duties under both the NVRA and the Motor Voter

law.

66.     The fact that an individual is legally in the United States and has a

driver's license, does not mean that he or she is eligible to vote. A legal resident non-

citizen could have a driver's license, but not be eligible to vote.

67.     The effect of California's Motor Voter law is to thwart the Secretary of

State from reviewing information that is necessary for Padilla to fulfill his duties to

determine eligibility, such as a certified copy of birth certificate, valid unexpired

passport, Certification of Naturalization, or numerous other documents that provide

satisfactory "proof of legal presence."[4]

68.     Upon information and belief, many states confirm the citizenship status

of putative voters by cross-referencing it with DMV data.

69.     Shortly after the launch of the Motor Voter law, it became clear that some

legal non-citizens were placed on the voter rolls.[5]

70.     California is not the only state that has had issues with the integrity of its

elections due to non-citizens being registered to vote when they obtain their driver's

license. For example, in Pennsylvania, due to a glitch in the state's motor vehicle

bureau computers, 11,198 non-citizens found themselves on the Pennsylvania voter

---

[4] *See* https://www.dmv.ca.gov/portal/wcm/connect/0d71782a-9301-4b4a-968c-af5f670be82f/federal_noncompliant_dl_docslist.pdf?MOD=AJPERES&CVID=.

[5] *See* CBS Sacramento, October 8, 2018, https://sacramento.cbslocal.com/2018/10/08/dmv-voter-registration/.

12

Complaint



1  rolls.[6]

2  71.  California's Motor Voter law envisions a critical role by the DMV in

3  registering voters – a role that the DMV was and is manifestly not prepared to fulfill.

4  72.  In fact, the entire roll out of the Motor Voter law has been full of

5  glitches, as clear from multiple news publications:

6  a.  <u>One voter, two registration forms: Errors reported in rollout of</u>

7  <u>California's 'motor voter' system</u>, in which it was reported that "State

8  election officials said a software error affected some 77,000 voter

9  records";[7]

10  b.  <u>More than 23,000 Californians were registered to vote incorrectly by</u>

11  <u>state DMV;</u>[8]

12  c.  <u>California DMV finds 3,000 more unintended voter registrations;</u>[9]

13  d.  <u>Layered on top of previous mistakes, California's DMV finds an</u>

14  <u>additional 1,500 people wrongly registered under new system;</u>[10]

15  e.  <u>CA keeps Motor Voter, adds review amid DMV errors;</u>[11]

16  f.  <u>Did non-citizens vote last year? California officials still can't say;</u>[12]

17  g.  <u>Election officials said DMV wasn't ready to launch Motor Voter.</u>

18

19  [6] *See* <u>Pennsylvania admits to 11,000 noncitizens registered to vote</u>, *Washington Times*,

20  Jan. 30, 2019, https://www.washingtontimes.com/news/2019/jan/30/pennsylvania-11000-non-citizens-registered-vote/.

21  [7] *Los Angeles Times*, May 24, 2018, https://www.latimes.com/politics/la-pol-ca-motor-voter-registrations-errors-20180524-story.html.

22  [8] *Los Angeles Times*, Sept. 5, 2018, https://www.latimes.com/politics/la-pol-ca-dmv-

23  voter-registration-error-20180905-story.html.

24  [9] *Los Angeles Times*, Sept. 20, 2018, https://www.latimes.com/politics/la-pol-ca-dmv-additional-voter-registration-errors-20180920-story.html.

25  [10] *Los Angeles Times*, Oct. 8, 2018, https://www.latimes.com/politics/la-pol-ca-dmv-

26  more-voter-registration-errors-20181008-story.html.

27  [11] *The Sacramento Bee*, Oct. 22, 2018, https://www.sacbee.com/news/politics-government/capitol-alert/article220334800.html.

28  [12] *The Sacramento Bee*, Jan. 4, 2019, https://www.sacbee.com/news/politics-government/capitol-alert/article223886630.html.



Complaint

California went ahead anyway;[13]

    h.  Hackers attacked California DMV voter registration system marred by bugs, glitches;[14]

    i.  Deleted texts and "show stopper defects": California tech official raced to launch Motor Voter;[15]

    j.  California DMV won't face independent review over handling of Real ID, Motor Voter;[16]

    k.  Six Californians who shouldn't have been registered voted last year due to 'DMV errors';[17]

    l.  Nearly 84,000 duplicate voter records found in audit of California's 'motor voter' system.[18]

73.    These glitches revealed that Padilla had no procedure in place to ensure that an applicant was eligible to vote prior to placing them on the voter rolls.

74.    The administration of the Motor Voter law has resulted in the eligible voters of California, including Plaintiffs, having serious concerns about the integrity of the administration of California voter rolls.

75.    Padilla must follow the NVRA and make a determination of the eligibility of each applicant prior to putting each one on the voting rolls.

76.    However, because Padilla has no process of guaranteeing that the voter

---

[13] *Modesto Bee*, Jan. 31, 2019, https://www.modbee.com/news/california/article224696945.html.

[14] *Los Angeles Times*, Apr. 9, 2019, https://www.latimes.com/politics/la-pol-ca-california-motor-voter-problems-investigation-20190409-story.html.

[15] *The Sacramento Bee*, May 8, 2019, https://www.sacbee.com/news/politics-government/capitol-alert/article229967789.html.

[16] *The Sacramento Bee*, June 26, 2019, https://www.sacbee.com/news/politics-government/capitol-alert/article231984402.html.

[17] *The Sacramento Bee*, Aug. 9, 2019, https://www.sacbee.com/news/politics-government/capitol-alert/article233729662.html.

[18] *Los Angeles Times*, Aug. 12, 2019, https://www.latimes.com/california/story/2019-08-09/duplicate-voter-records-audit-california-motor-voter-system.



Complaint

rolls do not contain non-citizens, the integrity of California elections has been jeopardized repeatedly, with systematic errors in the voting enrollment system that perpetuate the problems and enroll non-citizens on the voter rolls.

77. California is free to "conduct her elections and limit her electorate as she may deem wise, save only as her action may be affected by the prohibitions of the United States Constitution or in conflict with powers delegated to and exercised by the National Government." *Smith v. Allwright*, 321 U.S. 649, 657 (1944).

**Failure of Padilla to Produce Documents pursuant to 52 U.S.C. 20507(i)**

78. As a part of their Notice of Violation of NVRA letter to Padilla, Plaintiffs made 10 document requests:

a. Request 1: Copies of the most recent California voter registration database, including fields indicating name, home address, mailing address, date of birth, place of birth, most recent voter activity, and active or inactive status;

b. Request 2: Copies of all emails or other communications sent or received by the California Secretary of State Election Division relating to processing of voter registration forms to determine voter eligibility over the last two years;

c. Request 3: Copies of all emails or other communications sent or received by the California Secretary of State Election Division and the California Department of Motor vehicles in which the subject of voter's eligibility is mentioned over the last two years;

d. Request 4: California's policies and procedures, formal and informal, related to eligibility of a California resident to vote;

e. Request 5: California's policies and procedures, formal and informal, related to the processing of voter registration forms to determine if a registrant is eligible to vote prior to adding them on the voter rolls;

f. Request 6: A list of all databases that you use to help determine if a voter registration applicant is eligible to vote;

15



Complaint

g. Request 7: A list of names, addresses, and date of birth of all voter registration applicants over the last two years who were notified that they were not put on the voter rolls because they did not attest that they were a citizen of the United States;

h. Request 8: A list of names, addresses, and date of birth of all voter registration applicants over the last two years who upon being notified that they failed to attest that they were a citizen of the United States corrected this defect and are now registered to vote;

i. Request 9: A list of names, addresses, and date of birth of all voter registration applicants over the last two years who were notified that they were not put on the voter rolls because it was determined that they were not eligible to vote even though they had attested that they were eligible to vote;

j. Request 10: All documents and records of communications received from registered voters, legal counsel, claimed relatives, or other agents in the last two years requesting a removal or cancelation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

79. In Padilla's Response Letter, Padilla only produced limited documents pursuant to Requests 4 and 5. Padilla refused to produce any other documents pursuant to the other document requests.

**Failure of DMV to Produce Documents pursuant to 52 U.S.C. 20507(i)**

80. As a part of their Notice of Violation of NVRA letter to the DMV, Plaintiffs made three document requests:

a. Request 1: Copies of all emails or other communications sent to or received by the California Secretary of State relating to processing of voter registration forms over the last two years;

b. Request 2: Copies of all emails or other communications sent or received



Complaint

by the California Secretary of State in which the subject of voter's citizenship is mentioned over the last two years;

   c.  Request 3: California's policies and procedures, formal and informal, related to data distributed to the Secretary of State as a part of the voter registration process.

81.   In the DMV's Response Letter, the DMV refused to produce any documents.

## FIRST CLAIM FOR RELIEF
## Violation of Section 8(a)(1) of the NVRA, 52 U.S.C. § 20507(a)(1)
## (By All Plaintiffs against Defendant Padilla)

82.   Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

83.   Defendant Padilla has failed to fulfill the state's obligations under Section 8(a)(1) of the NVRA, 52 U.S.C. §20507(a)(1) to ensure that only eligible applicants are registered to vote.

84.   Plaintiffs have suffered, and will continue to suffer, irreparable injury as a direct result of Padilla's failure to fulfill the state's obligation to comply with Section 8(a)(1) of the NVRA.

85.   Plaintiffs have no adequate remedy at law.

86.   As a direct and proximate consequence of Padilla's failure to ensure citizenship as required by the NVRA, Plaintiffs have suffered and will suffer irreparable injury that cannot fully be compensated by an award of monetary damages.

87.   Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and costs pursuant to 52 U.S.C. § 20510(c).

///
///



Complaint

**SECOND CLAIM FOR RELIEF**

**Violation of Section 5(e) of the NVRA, 52 U.S.C. § 20504(e)**

**(By All Plaintiffs against Defendant Gordon)**

88.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth herein.

89.     Defendant Gordon has failed to fulfill its obligations under Section 5(e) of the NVRA, 52 U.S.C. §20504(e) to transfer to the Secretary of State a completed voter registration portion of an application for a State motor vehicle driver's license accepted at the DMV.

90.     Plaintiffs have suffered, and will continue to suffer, irreparable injury as a direct and proximate result of Gordon's failure to fulfill his obligation to comply with Section 5(e) of the NVRA. Plaintiffs' injury cannot be fully compensated by an award of monetary damages.

91.     Plaintiffs have no adequate remedy at law.

92.     Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and costs pursuant to 52 U.S.C. § 20510(c).

**THIRD CLAIM FOR RELIEF**

**Violation of Section 8(i) of the NVRA, 52 U.S.C. § 20507(i)**

**(By All Plaintiffs against All Defendants)**

93.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs as if fully set forth herein.

94.     Defendants have refused to fulfill their obligations under Section 8(i) of the NVRA, 52 U.S.C. §20507(i) to make available to Plaintiffs "all records" within the past two years "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

95.     Plaintiffs have suffered, and will continue to suffer, irreparable injury as a direct result of Defendants' failure to fulfill their obligations under Section 8(i) of the

Complaint

1   NVRA.

2       96.    Plaintiffs have no adequate remedy at law.

3       97.    Plaintiffs found it necessary to engage the services of private counsel to

4   vindicate their rights under the law. Plaintiffs are therefore entitled to an award of

5   attorneys' fees and costs pursuant to 52 U.S.C. § 20510(c).

6                         **PRAYER FOR RELIEF**

7       WHEREFORE, Plaintiffs respectfully pray that the Court:

8       i.      declare Defendant Padilla to be in violation of Section 8(a)(1) of the

9   NVRA, and declare Defendant Gordon to be in violation of Section 5(e) of the NVRA;

10      ii.     permanently enjoin Defendants from violating the NVRA, in the ways

11  discussed above;

12      iii.    declare that Section 8(a)(1) of the NVRA supersedes and preempts any

13  conflicting California law, including those portions of the Motor Voter Law that

14  conflict with the NVRA;

15      iv.     order Defendant Padilla to develop and implement a program that ensures

16  only eligible applicants for voter registration are registered to vote;

17      v.      declare that Section 8(i) of the NVRA supersedes and preempts any

18  contrary California law;

19      vi.     declare that Defendants are in violation of Section 8(i) of the NVRA by

20  refusing to allow Plaintiffs to inspect and copy the requested records;

21      vii.    permanently enjoin Defendants from refusing to allow Plaintiffs to inspect

22  and copy the requested records;

23      viii.   order Defendants to pay Plaintiffs' reasonable attorney's fees, including

24  litigation expenses and costs pursuant to 52 U.S.C. § 20510(c); and

25      ix.     awarding Plaintiffs such other and further relief as this Court deems just

26  and proper.

27

28



Complaint

1                                Respectfully submitted,

2 Date: September 25, 2019           DHILLON LAW GROUP INC.

3

4                     By: /s/ Harmeet K. Dhillon
                            HARMEET K. DHILLON (SBN: 207873)

5                             harmeet@dhillonlaw.com

6                             MARK P. MEUSER (SBN: 231335)
                            mmeuser@dhillonlaw.com

7                             GREGORY R. MICHAEL (SBN: 306814)

8                             gmichael@dhillonlaw.com
                            DHILLON LAW GROUP INC.

9                             177 Post Street, Suite 700

10                            San Francisco, California 94108
                           Telephone: (415) 433-1700

11                            Attorneys for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20



Complaint