STUART NAIFEH (SBN 233295)
snaifeh@demos.org
DEMOS
80 Broad Street, 4th Floor
New York, NY 10004
Telephone: 212.485.6055
Facsimile: 212.633.2015

Attorneys for Intervenor-Defendants
League of Women Voters of California,
California Common Cause, Mi Familia Vota
Education Fund, UnidosUS

CHAD W. DUNN*
chad@brazilanddunn.com
Director, UCLA Voting Rights Project
Brazil & Dunn LLP
3303 Northland Drive, Suite 205
Austin, TX 78731
Telephone: 512.717.9822
Facsimile: 512.515.9355

Attorneys for Intervenor-Defendants Michael
Cohen, Sophie Kosmacher, Anadela
Navarrete Gomez, and Kelly Lippman

*[Additional counsel listed on next page]*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE HOGE, an individual; ALI MAZAREI, an individual; CORRIN RANKIN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX PADILLA, in his official capacity as the California Secretary of State; STEVE GORDON, in his official capacity as Director of California Department of Motor Vehicles,<br><br>Defendants,<br><br>LEAGUE OF WOMEN VOTERS OF CALIFORNIA; CALIFORNIA COMMON CAUSE; MI FAMILIA VOTA EDUCATION FUND; UNIDOSUS; MICHAEL COHEN; SOPHIE KOSMACHER; ANADELA NAVARRETE GOMEZ; and KELLY LIPPMAN,<br><br>Intervenor-Defendants. | Case No.   2:19-cv-01985-MCE-AC<br><br>**DECLARATION OF HELEN HUTCHISON IN SUPPORT OF MOTION TO INTERVENE** |

| | |
|---|---|
| 1 | SARAH BRANNON*, ** |
| | sbrannon@aclu.org |
| 2 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| | 915 15th Street, NW |
| 3 | Washington, DC 20005 |
| | Telephone: 202.675.2337 |

SARAH BRANNON*, **
sbrannon@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street, NW
Washington, DC 20005
Telephone: 202.675.2337

DAVIN ROSBOROUGH*
drosborough@aclu.org
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY
Telephone: 212.549.2613

RAUL L. MACIAS (SBN 293208)
rmacias@acluca.org
VASUDHA TALLA (SBN 316219)
vtalla@aclunc.org
SHILPI AGARWAL (SBN 270749)
sagarwal@aclunc.org
ACLU FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: 415.621.2493

CHIRAAG BAINS*
cbains@demos.org
ADAM LIOZ *
alioz@demos.org
DEMOS
740 6th Street NW, 2nd Floor
Washington, DC 20001
Telephone: 202.864.2746

Attorneys for Intervenor-Defendants League of Women Voters of California, California Common Cause, Mi Familia Vota Education Fund, and UnidosUS

SONJA DIAZ (California Bar No. 298138)
sonjadiaz@luskin.ucla.edu
Founding Director, Latino Policy & Politics Initiative
UCLA Luskin School of Public Affairs
3250 Public Affairs Building
Los Angeles, CA 90095-1656
310-794-9498

Attorneys for Intervenors-Defendants Sophie Kosmacher, Anadela Navarrete Gomez, and Kelly Lippman

*pro hac vice motion forthcoming
** not admitted in DC; DC practice limited to federal court only

**Declaration of Helen Hutchison**
**(Pursuant to 28 U.S.C. § 1746)**

My name is Helen Hutchison and I am over the age of 18 and fully competent to make this declaration. Under penalty of perjury, I declare the following:

1. I have lived in California since 1997.

2. I currently live in Alameda County.

3. I have been a League of Women Voters member for over 50 years.

4. The League of Women Voters of California ("League") is made up of two non-partisan, non-profit organizations, each structured under Section 501(c) of the Internal Revenue Code: a 501(c)(3) organization and a 501(c)(4) arm.

5. I first joined the Board of the League in 2011.  I served as President of the Board from 2014 through June of 2019.  From June 2019 through November 2019, I served as interim Executive Director of the League.  As of November 19, 2019, I will return to being a board member.

6. Through all these different roles, I am and have been a spokesperson for the League.  I have been involved in supervision and management of all the statewide advocacy and work of the League. I am also involved in coordination of activities of the local Leagues.  I provide mentoring for the local Leagues and work to ensure that the local Leagues comply with all of the League's requirements, including those laid out in the League's charter.

7. The League seeks to empower voters and promote civic engagement through informed and active participation in government. It works to increase understanding of major public policy issues and influences public policy through education and advocacy. To meet these objectives and accomplish its mission, the League undertakes a number of activities, including organizing and running voter registration drives to help California citizens register to vote.

8. The League also regularly engages in other activities, including community outreach, education, and direct advocacy on local and statewide ballot initiatives. As part of its work to educate voters, the League also regularly conducts candidate forums.

9. While the League has 8 paid staff members, it is primarily a volunteer organization, with both dues-paying members and non-member volunteers conducting most of its activities.

10. The League currently has over 8,000 dues-paying members in California.

11. The League has 68 California chapters that, among other activities, perform voter registration outreach at community events, and rely heavily on volunteers to perform these and other services.

12. The local Leagues regularly conduct voter registration events throughout California. For example, in 2018, approximately 1,200 League members participated in voter registration activities. During these events, League members registered almost 17,000 people.

13. These activities included conducting voter registration events at:

- mass transit stations during commuting hours;
- music and art festivals throughout the state;
- community fairs;
- 4th of July celebrations;
- events such as Women's Marches, protests and demonstrations related to gun safety and immigration;
- high schools, community colleges and 4-year colleges; and
- shopping malls.

14. This work has continued and is continuing in 2019.

15. Each year, the local Leagues also conduct a number of different voter registration events on National Voter Registration Day, which this past year was on September 24, 2019.

16. At times, the League puts a special focus on promoting and facilitating voter registration by newly naturalized citizens—the precise constituents whose right to vote is most directly threatened by the present litigation.

17. Some of these voter registrations events take place at naturalization ceremonies, where League members register new citizens. For example, the League in Santa Clara County and Solano County provide vital assistance to the local county clerks to help with registration events at naturalization ceremonies at least once a month.  At these events, typically 2 to 5 League volunteers participate and usually register between 5 to 15 new citizens.

18. Other examples of events where League volunteers focus on providing voter registration assistance to newly naturalized citizens are:

- Sonoma County League registered newly naturalized citizens at events in 2018 like a Cinco de Mayo event and a Festivale de Independencia event.

- The San Bernardino County and the Mendocino County Leagues both conduct education for individuals who will be naturalized in the near future, including providing citizenship classes to both adults and students, and providing blank voter registration forms to be used after individuals become US citizens and education about the importance of voter registration.

19. The League plans to continue all this voter registration work and plans to expand its voter registration work in the coming years.

20. During voter registration events, League members and other volunteers always interact with multiple individuals and collect voter registration forms, which they then deliver to

local election officials. The League always aims to collect as many voter registration applications as possible and, on the whole, collects a significant number of voter registration applications.

21. The League's volunteers and members also regularly engage in communications with members of the California public on issues related to elections, voting, voter registration, and a voter's registration status using a variety of methods, including publishing pamphlets, flyers and on the internet.

22. In addition, as part of its mission to promote civic engagement and encourage active participation in government, the League devoted substantial time as part of a coalition of interested organizations advocating for effective implementation of the New Motor Voter law, A.B. 1461, Cal Elec Code Div. 2, Ch. 4.5 §§ 2260 *et seq.*, including participation in weekly coalition calls and periodic meetings with the California Secretary of State (SOS) and the Department of Motor Vehicles (DMV) as they designed and developed the program.

23. The League also worked to raise public awareness around the benefits of streamlining the voter registration process through the DMV.

24. The League's goal in doing this work was to encourage voter participation by significantly increasing the voter registration rates in CA through automated voter registration of eligible DMV clients.

25. The instant litigation seeks relief that will undermine the effectiveness of the New Motor Voter program, causing it to reach far fewer eligible Californians.

26. The result, if the Plaintiffs are successful, the League's mission of encourage civic engagement through increase voter registration will be compromised and thus the League will be harmed.

27. Additionally, if the New Motor Voter program is less effective, the League will be

forced to redirect volunteer time and other organizational resources towards assisting eligible voters with voter registration when those eligible voters should be offered adequate voter registration services by DMV.

28. The League has already budgeted these resources for other activities such as community outreach, education, and direct advocacy on local and statewide ballot initiatives and direct advocacy before local and state government agencies to build the organization and further its mission and goals, which would then have to be diverted to additional, previously unplanned voter registration activities.

29. Additionally, the League believes that its membership of more than 8,000 Californians includes persons some of whom may need to update their voter registrations and who anticipate that their registrations will be automatically updated the next time they interact with the DMV through the New Motor Voter program as currently implemented.

30. These injuries to the League will be incurred if the instant litigation places unnecessary barriers in front of eligible California voters who wish to register through the DMV.

31. Additionally, the instant litigation seeks relief that would require election officials to use documents from the DMV to engage in efforts to remove voters from the rolls or prevent future applicants from successfully registering to vote. This effort would likely result in the illegal purge of eligible voters and would frustrate the League's mission and undermine its efforts to register eligible voters and to conduct voter education activities.

32. This effort would create a particular risk for the newly naturalized voters that the League currently is actively working to register. It would frustrate the League's mission if an eligible individual the League registered to vote were then subsequently removed from the rolls or prevented from successful registration through the illegal practice that Plaintiffs seek.

33. Election officials' use of such procedures as a result of this lawsuit would require the League to divert resources from other planned voter education activities in order to inform its members and their communities about the potential inaccuracies of any system of checking state and local databases for citizenship information or purge lists and purge activities that Defendants implement.

34. It would also require the League to ensure that eligible and properly registered members are neither intimidated nor discouraged from exercising their right to vote by the purge activity.

35. If Plaintiffs are successful in forcing Defendants to implement the untried and potentially inaccurate voter purge procedures that Plaintiffs seek, the League will also be forced to expend additional resources to verify the accuracy of information held in state and local databases regarding citizenship or immigration status; to verify the accuracy of the new purge lists; to educate voters in underrepresented communities who fear disenfranchisement, particularly naturalized citizens and members of minority communities, who may be improperly identified as ineligible to vote.

36. Additionally, beginning in February 2015, the League engaged in ongoing negotiations and litigation to vindicate its organizational and members' interests in protecting the right to vote under the National Voter Registration Act ("NVRA"). *See League of Women Voters of California v. Kelly*, No. 3:17-cv-026659-LB (N.D. Cal. 2017). The litigation followed upon a 2016 Memorandum of Understanding between the League and other advocates and Defendant Padilla and Defendant Gordon's predecessor as Director of the DMV.

37. The litigation ended in a January 2018 Settlement Agreement, which remains in force today and will be enforced until December 31, 2020. Additionally, during the course of

ongoing discussions between the parties in that matter, additional Stipulated Orders have been signed by the court with the goal of further ensuring compliance by the State of California with the NVRA. These additional Orders were signed by the court on December 27, 2018, February 5, 2019 and May 9, 2019.

38. Among other things, in furtherance of enforcing the terms of these agreements, the League participates in monthly calls with Defendants to address outstanding issues concerning the implementation of New Motor Voter as it relates to Defendants' obligations under the NVRA, the very statute at issue in this litigation.

39. The League has a clear interest in protecting the substance and enforceability of these agreements, all of which could be adversely impacted by the outcome of the present litigation, which could conflict with the agreements' terms by imposing a far more burdensome voter registration process than that spelled out by either the agreements or the NVRA.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Sacramento, California on December 10, 2019

_____
Helen Hutchison